## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| **BARBARA A. BARBO** | * | **DOCKET NO. 05-1311** |
| **VERSUS** | * | **JUDGE HICKS** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the court is claimant's petition for review of the Commissioner of Social Security's denial of her application for Supplemental Security Income payments. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED** and **REMANDED** for further proceedings.

### Background & Procedural History

Barbara Barbo filed the instant application for Supplemental Security Income payments on November 3, 2003. (Tr. 92–94). She alleged disability since August 15, 2003, due to congestive heart failure, diabetes, arthritis, and sleep apnea. (111-112). The claim was denied at the initial stage of the administrative process. *Id.* Thereafter, Barbo requested and received a September 10, 2004, hearing before an Administrative Law Judge ("ALJ"). (Tr. 39-77). However, in a December 2, 2004, written decision, the ALJ determined that Barbo was not disabled under the Act. (Tr. 19-31). Barbo appealed the adverse decision to the Appeals Council. Yet, on April 1, 2005, the Appeals Council denied Barbo's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 9-14)

On July 21, 2005, Barbo sought review before this court. She alleges the following errors:

(1) the Commissioner erred in failing to find that plaintiff's impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Social Security Regulations No. 4; and

(2) the Commissioner erred by failing to have a medical expert attend the hearing.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

2

Pursuant to the Social Security Act (the "Act"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the Act utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the Act. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1) An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2) An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3) An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4) If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional

>       capacity must be considered to determine whether the individual can make
>       an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

**Issue 1**:

The ALJ determined at Step Two of the sequential evaluation process that Barbo suffered severe impairments of diabetes mellitus, obesity, depression, and asthma/chronic obstructive pulmonary disease (Tr. 25, 30). However, the ALJ concluded that the impairments were not severe enough to meet or medically equal any of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id*.

Plaintiff contends that her impairments meet or medically equal Listings 4.02, 4.05, and 9.08. To establish that a claimant's injuries meet or medically equal a Listing, the claimant must provide medical findings that support all of the criteria for a listed impairment (or most similarly listed impairment). *See, Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 891 (1990). If the plaintiff fails to demonstrate the specified medical criteria, the court will find that substantial evidence supports

the ALJ's finding that Listings-level impairments are not present. *Selders*, 914 F.2d at 620.

The court has reviewed the challenged listings, and it is manifest that plaintiff's impairments do not meet all of the criteria for any one listing. (*See*, Tr. 142-144). Moreover, the court cannot conclude that the ALJ erred in his determination that plaintiff's impairments did not medically equal a listing. However, if the District Judge adopts the undersigned's recommendation that this matter be remanded on other grounds, the ALJ will have the opportunity to consult a state agency physician regarding his Step Three determination. *See*, discussion, *infra*; 20 C.F.R. § 416.926(c)(the Commissioner considers the opinions of medical or psychological consultants in his medical equivalence determination).

**Issue 2:**

The ALJ determined that Barbo retains the residual functional capacity to perform the exertional demands of medium work reduced by the need to avoid high concentrations of heat, wetness, humidity, fumes, gases, dusts, or other airborne irritants. (Tr. 28, 30). Barbo also remains unable to climb ladders or ropes, and experiences moderate limitations in her ability to maintain attention and concentration for extended periods. *Id.*

Plaintiff contends that the ALJ erred by failing to request the presence of a medical expert at the hearing. Of course, one of the purposes of a medical expert is to assist the ALJ in his residual functional capacity assessment – especially in situations, as here, where a medical source assessment of plaintiff's limitations is otherwise absent. The court notes that Barbo was examined in December 2003 by Raymond Cush, M.D., at the request of Disability Determination Services. (Tr. 142-144). Yet, despite relatively benign findings, neither he nor any other agency physician rendered an opinion regarding plaintiff's physical residual functional capacity.

Of even greater significance is Barbo's June 9, 2004, diagnosis for major depressive

5

disorder, recurrent, moderate and to rule out dysthymia. (Tr. 206-209).[1] She was assigned a Global Assessment of Functioning ("GAF") rating of 45. *Id.*[2] Yet once again, no medical professional assessed the extent of any limitations imposed by this severe impairment. Instead, the ALJ independently assessed the limitations imposed by Barbo's mental and physical limitations. However, in the absence of a valid medical assessment(s) or other corroborating evidence, the ALJ's residual functional capacity assessment is not supported by substantial evidence. *See, Ripley v. Chater* 67 F.3d 552, 557 -558 (5th Cir. 1995)(substantial evidence lacking where: no medical assessment of claimant's RFC, and claimant's testimony was inconsistent with ALJ's assessment); *Butler v. Barnhart*, Case Number 03-31052 (5th Cir. 06/02/2004)(unpublished)(in the absence of medical opinion or evidence establishing that the claimant could perform the requisite exertional demands, the ALJ's determination is not supported by substantial evidence).[3]

Because the foundation for the ALJ's Step Four determination was premised upon a residual functional capacity which was not supported by substantial evidence, the court further finds that the ALJ's ultimate conclusion that plaintiff is not disabled is likewise not supported by substantial evidence.[4] For the foregoing reasons,

IT IS RECOMMENDED that this matter be REVERSED and REMANDED to the

---

[1] The psychiatric evaluation was conducted by Jody Meek, M.D. *Id.*

[2] A GAF of 45 denotes "[s]erious symptoms ... OR any serious impairment in social, occupational, or school functioning." *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition DSM-IV, p. 32.

[3] Barbo's testimony was inconsistent with the ALJ's RFC assessment.

[4] The ALJ's alternative Step Five determination was also dependent upon an unsupported residual functional capacity.

Commissioner for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of February, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE